WARNER vs. SIMPSON, impleaded, etc.

PRACTICE AND PLEADING : 1. *Action in circuit court on judgment of justice of peace.* 2. *What complaint in such action must state.*

1. Whether, where a judgment was rendered in justice's court against two defendants, one of whom had not been served with process, an action can-be brought in the same county upon such judgment, within two years, *against both defendants,* is not here determined. R. S. ch. 122, sec. 10.

2. If such action may be brought, the complaint (alleging that the judgment was "duly given," etc.) is bad on general demurrer by either defendant, unless it either shows that the demurrant was served with process in the former suit, or states the *original* cause of action against him. R. S. ch. 120.

APPEAL from the Circuit Court for *Outagamie* County. The complaint (filed at the June term of said court, 1870) alleges in substance, that on the 27th of February, 1869, the plaintiff duly recovered a judgment before a certain justice of the peace of said county, against the defendants (*Simpson* and one Clark), upon a claim on which said defendants were jointly liable to him, for $103.63, but that process in the action "was not personally served upon all of said defendants;" that afterwards the judgment was duly docketed in said county, etc.; and that no part of the judgment, or fees for transcripts and docketing, had been paid. Plaintiff therefore demands judgment against said defendants for the amount of said judgment and fees, etc.

The defendant *Simpson* demurred to the complaint as not stating a cause of action against him, and also for misjoinder of parties defendant. The plaintiff appealed from an order sustaining the demurrer.

*Warner & Ryan,* for appellant, as to the right to bring an action upon the justice's judgment, cited R. S. ch. 122, sec. 10, and ch. 120, secs. 168, 169;* and as to the

---

* Sec. 10, ch. 122, R. S., provides that "no action on a judgment rendered by a justice of the peace shall be brought in the same county within two years after its rendition, except in cases of his death, resignation, incapacity to act, or removal from the county, *or that the process was not personally served upon the defendant, or on all the defendants,* or in case of the death of some of the parties," etc. Ch. 120 (which treats of "Justice's Courts") provides as follows: "Sec. 168. In actions against two or more persons jointly indebted upon any joint obligation, contract or liability, if the process issued against all the defendants shall have been duly served upon either of them, the defendant so served shall answer to the plaintiff, and in such case the judgment, if rendered in favor of the plaintiff, shall be against all the defendants, in the same manner as if all had been served with process. Sec. 169. Such judgment shall be conclusive evidence of the liability of the defendant who was personally served with process in the action, or who appeared therein; but against every other defendant it shall be evidence only of the extent of the plaintiff's demand, after the liability of the defendant shall have been established by other evidence."

liability of the person not personally served in the action before the justice, ch. 120, secs. 188 and 189. As to the proper construction of the complaint, they contended that under the rules of pleading provided by the statute (R. S. ch. 125, secs. 21, 23 ; *Archer v. Romaine*, 14 Wis. 375 ; *Morse v. Gilman*, 16 id. 504), it must be construed to mean that both defendants were served with process, though not both *personally* served, and that it was not necessary that it should state which one was personally served. It is a general rule that in pleading under a statute, it is sufficient to use the language of the statute. *Jarvis v. Hamilton*, 16 Wis. 574.

*Moses Hooper*, for respondent, argued that sec. 10, ch. 122, and sec. 169, ch. 120, refer to the same class of cases ; that the design was simply to give a remedy against the defendant who had *not* been served with process, nor appeared ; while the complaint here does not show that *Simpson* was not so served ; and that in a suit against a defendant who was not served and did not appear, the judgment not being evidence of his liability, the facts which render him liable must be alleged and proven.

DIXON, C. J. Assuming that this action is properly brought against both defendants in the judgment, and that such is the true construction of that part of sec. 10, ch, 122, R. S., under which it is instituted (a point not necessary now to be decided, and which we do not decide), still the complaint is defective in not alleging which defendant was personally served, or that the defendant *Simpson*, who demurs, was personally served. Either this should be averred, or that he appeared in the suit, or otherwise the ground of his liability should be alleged. Without one or other of these allegations, no cause of action is shown against him. For the statute provides that, as against a defendant not personally served and who did not

appear, the judgment "shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence." R. S. ch. 120, sec. 169. The complaint avers "that process was not personally served upon all of said defendants," and there it stops. It does not even aver that it was personally served on either, except by inference from the above negative allegation and the general averment that the judgment "was duly given." But, granting this to be sufficient as an averment of personal service upon one, it yet does not appear upon which one, and no ground of liability is alleged save only the judgment. No cause of action is, therefore, stated against either; or if against one, the complaint does not inform us which defendant it is. The averment that the judgment was duly given is good only as the statement of a cause of action against the defendant personally served; and against the other defendant the original cause of action or ground of liability upon which the judgment was rendered, must be averred. This is so by the very terms of the statute. It is only after such original liability or joint cause of action has been established by other evidence, that the judgment has any effect against the defendant not personally served. It then becomes evidence of the extent of the plaintiff's demand, but of nothing more. The rule that what must be proved must also be alleged, is too familiar to require reference. To show a cause of action against the defendant not personally served, the original joint indebtedness or obligation must be stated, since the judgment is no evidence of that, and pleading the judgment does not plead it; and seeing that the complaint contains no averment as to which defendant was personally served, we cannot say that a cause of action is stated against either. It is entirely consistent with every allegation found in the complaint, that the respondent *Simpson* should not have been personally served, and that no

joint liability or indebtedness should exist against him; and his demurrer was, therefore, properly sustained.

*By the Court.*—Order affirmed.